Gonzalo Fernós et al., Plaintiffs and Appellees, v. Municipality of San Juan, Defendant and Appellant.

No. 5677. Argued June 22, 1931.—Decided July 7, 1931.

502

E. *Font Suárez* for appellant. *Molina, Dubón & Ochoteco* for appellees.

Mr. Justice Wolf delivered the opinion of the Court.

The plaintiffs complained of a ditch and conduit (*tubería*) placed on their property without their consent and brought suit to declare the non-existence of a servitude and for damages against the Municipality of San Juan as represented by Robert H. Todd, mayor. The municipality appeared by attorney and demurred. The demurrer was overruled. Thereafter the plaintiffs caused a note of default to be entered by the secretary. The case was placed on the calendar, heard by the court which declared in favor of plaintiffs, holding that no servitude existed, that plaintiffs had not consented, and that the municipality should remove the conduit, etc. At the hearing the defendant appeared only to contest the right of the plaintiffs to sue the municipality under the conditions.

This defense is based upon section 29 of the Municipal Act, Laws of 1928, page 356, which among other things, provides:

"In no proceeding or action where the municipality, represented by the mayor, is a party shall the mayor acquiesce in the complaint or fail to answer the same or submit such action or proceedings to arbitration without the consent of the municipal assembly, . . ."

In this Court the plaintiffs move to dismiss the appeal as frivolous.

The court below held that if the cited section prevailed to prevent suits, a defendant municipality at its election could indefinitely delay such suits and the Act in this regard would be unconstitutional. Evidently the court is right. The section must be interpreted as a mere directive measure restraining the mayor. It can not be held to be an impediment to the right to sue. Barring certain exceptions unnecessary to consider, municipalities must answer for their wrongs and meet their obligations like other persons. Some of this recently became apparent by our decision in *Serra, Garabís & Co. Inc.* v. *Municipality, ante,* p. 452.

The appellant filed a brief on the main proposition in which it promised to study the question further, but it gives us no satisfactory reason for delaying the plaintiffs and the appeal will be dismissed as frivolous.